**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 2:15-cr-43 |
| MOHAMED FADIGA, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Mohamed Fadiga has been indicted on one count of possessing counterfeit or unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3), after a police officer stopped a vehicle he was riding in and found a number of re-encoded gift cards in Fadiga's wallet and in the vehicle. (DE 1; DE 12.) Fadiga is a native of Guinea, and, during jury selection, he objected to the 48-person jury venire on grounds that it appeared to include no African-Americans and therefore was not a fair-cross section of the community. After exhausting his peremptory challenges, Fadiga also moved for a mistrial on the same grounds. I overruled the objection and denied the motion in open court, and this opinion sets out my reasons in more detail.

Under the Sixth Amendment of the U.S. Constitution, criminal defendants have a "right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (citing *Taylor v. Louisiana*, 419 U.S. 522 (1975)). That means that the group of people from which a jury venire is

1

selected must be a fair cross-section of the community. *United States v. Barry*, 71 F.3d 1269, 1273 (7th Cir. 1995) (citing *Taylor v. Louisiana*, 419 U.S. 522 (1975)). It does not mean that a criminal defendant is entitled to a jury venire or a jury that "mirror[s] the general population." *United States v. Phillips*, 239 F.3d 829, 842 (7th Cir. 2001) ("[T]he makeup of any given venire is not significant, provided all rules for selection have been observed.") (internal quotation marks and citation omitted); ; *United States v. Ashley*, 54 F.3d 311, 313 (7th Cir.1995) ("[T]he Constitution does not require this to ensure representative juries, but rather impartial juries.") (citation omitted).

To show a prima facie violation of the fair cross-section requirement, a defendant must show "that the group allegedly excluded is a distinctive part of the community; that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and that this underrepresentation is due to systematic exclusion of the group in the jury selection process." *Id.* (citing *Duren v. Missouri*, 439 U.S. 357 (1979)). If a defendant makes out a prima facie case, then the government must then show that drawing the jury venire from a fair cross-section "is incompatible with a significant state interest." Duren, 439 U.S. at 368.

Here, Fadiga has failed to make out a prima facie case that his constitutional right to have a jury drawn from a fair cross-section of the community was violated. There is no question that African-Americans are a distinctive part of the community, but Fadiga has not satisfied the other two elements. Although the jury venire did not

2

appear to include any African-American jurors, Fadiga did not offer evidence showing a statistical discrepancy between the percentage of African-Americans in the jury venire and in the two counties from which potential jurors for Hammond are drawn. *Ashley*, 54 F.3d at 314 (rejecting a challenge to a venire that contained no African-Americans as a possible "statistical coincidence" and because "a discrepancy of less than ten percent alone is not enough to demonstrate unfair or unreasonable representation of blacks on the venire") (citation omitted). He also did not show that any under-representation is due to systematic exclusion of African-Americans in the jury selection process.

Finally, and as I noted in court, the jury venire here was selected pursuant to the Northern District of Indiana's Jury Selection Plan for Grand and Petit Jurors, which was approved by the Seventh Circuit Court of Appeals on December 4, 2014 (available at www.innd.uscourts.gov/sites/innd/files/JurySelectionPlan.pdf). The plan provides for the random selection of potential jurors for cases in Hammond from general election voter registration lists in Porter County and Lake County. Before adopting the plan, the judges in this district found that general election voter registration lists "represent a fair cross section of the community in this District." (*Id.* at 4.) In addition, the Seventh Circuit has upheld "the use of voter registration lists as the source of names for jury venires in this Circuit." *Ashley*, 54 F.3d at 314 (collecting cases). Finally, the Jury Selection Plan itself expressly prohibits the exclusion of citizens on the basis of race. (*Id.* at 4.)

For all of these reasons, Fadiga's objection to the jury venire is **OVERRULED**,

and his motion for a mistrial is **DENIED.**

**SO ORDERED.**

ENTERED: June 1, 2016.

                                                          s/ Philip P. Simon
                                                          CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT